GOLDING SONS' CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14835.   Promulgated October 10, 1928.

*Arthur B. Foye, C. P. A.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

891

OPINION.

GREEN: The petitioner has alleged and attempted to prove that at the time it was incorporated, in 1902, it acquired from the predecessor company good will of a certain value. The evidence does not show that it ever acquired any of the assets of the Golding & Sons Co. It does show, however, that it issued its entire capital stock for 995 shares of the *stock* of the old company. This is an entirely different thing from acquiring the *assets*. See *Appeal of Regal Shoe Co.*, 1 B. T. A. 896.

In the above-mentioned case the taxpayer in 1907 issued all of its stock for the stock of three other corporations. Thirteen days later, it being the owner of all the stock of the other companies, proceeded to liquidate two of them by taking over their assets and surrendering and canceling the stock. The assets thus acquired consisted of approximately one-third tangibles and two-thirds intangibles. For invested capital purposes the Commissioner reduced the intangibles to the limitation provided by section 326(a)(4) of the 1918 Act. In disallowing the deficiency we held that the asset to be valued was the stock of the old companies, which was tangible property and not subject to the limitation. To the same effect see *United Cigar Stores Co. of America* v. *United States*, 62 Ct. Cls. 134.

From the foregoing it is apparent that the petitioner has proceeded upon the wrong theory, that is to say, it proceeded upon the theory that it acquired the assets of the old company at the date of organization, when as a matter of fact it acquired the capital stock

892

of that company. The record does not disclose the theory upon which the respondent proceeded. We know he has allowed the amount of $449,148.95 as invested capital for the year in question. It is reasonable to assume that a part of this amount represented the value, as determined by him, of the stock of the company acquired. In any event the burden is upon the petitioner to prove by competent evidence that the respondent erred in his determination of the deficiency. *Davis & Shaw Furniture Co.* v. *Commissioner*, 6 B. T. A. 705. This it has failed to do, and, accordingly, judgment must be for the respondent.

Even looking at the case from the petitioner's point of view, the evidence is wholly insufficient to sustain its allegation. The earnings from the East Liverpool branch were not proven and without such proof the earnings from the other plants become practically worthless as an element of determining value, for so far as we know losses may have been sustained by the former sufficient to wipe out the earnings of the latter. Furthermore, no evidence was offered as to the average tangible assets of the old company for the five years immediately preceding reorganization and there was no proof as to what a reasonable percentage of earnings on such tangible assets would have been.

*Judgment will be entered for the respondent.*